[920 NYS2d 698]

In the Matter of ERIC A. STEWART (Admitted as ERIC ALAN STEWART), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 19, 2011

**APPEARANCES OF COUNSEL**

*Gary L. Casella,* White Plains (*Gloria J. Anderson* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order on motion of this Court dated October 13, 2010 (2010 NY Slip Op 84733[U]), the respondent was immediately suspended from the practice of law, pursuant to 22 NYCRR 691.4 (l) (1) (i) and (iii), upon a finding that he constituted an immediate threat to the public interest based upon his failure to cooperate with the Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) and other uncontroverted evidence of professional misconduct. In that order, the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent based upon a verified petition dated June 7, 2010. The respondent was directed to submit an answer to the verified petition within 20 days after service upon him of a copy of the decision and order on motion, and the issues raised by the verified petition and any answer thereto were referred to Norman B. Lichtenstein, Esq., as Special Referee, to hear and report.

The verified petition contains five charges of professional misconduct alleging failure to cooperate with the Grievance Committee; neglect of a legal matter and/or failure to carry out a contract of employment entered into with a client for professional services; engaging in conduct involving dishonesty, fraud, deceit or misrepresentation, which reflects adversely on his fitness as a lawyer; and failing to reregister as an attorney and counselor-at-law.

The decision and order on motion dated October 13, 2010, was personally served upon the respondent on October 20, 2010. Although the respondent was granted an extension of time within which to submit an answer to the verified petition, he failed to do so. He is, therefore, in default, and the charges must be deemed established.

Accordingly, the Grievance Committee's motion to adjudicate the respondent in default is granted, the charges in the verified petition are deemed established and, effective immediately, the respondent is disbarred on default and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and DILLON, JJ., concur.

Ordered that the Grievance Committee's motion is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Eric A. Stewart, admitted as Eric

Alan Stewart, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Eric A. Stewart, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Eric A. Stewart, admitted as Eric Alan Stewart, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal, agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Eric A. Stewart, admitted as Eric Alan Stewart, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).